O. J. HOUCK v. STATE.

No. A-2914.   Opinion Filed August 31, 1918.

Appeal from County Court, Pawnee County;

George E. Merritt, Judge.

Goodwin & Cleeton, for plaintiff in error.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. The defendant, O. J. Houck, was convicted in the county court of Pawnee county, sitting at Cleveland, of the crime of

unlawfully transporting intoxicating liquor, to wit, whisky, from the city jail at Cleveland to or near the Arkansas river in said city.

Among other assignments of error, it is contended that there is an entire lack of evidence to sustain this conviction. With this contention of counsel for defendant the court is compelled to agree.

It appears that on the 29th day of July, 1916, a shipment of whisky was received at the depot in Cleveland, consigned to one Charley Church, and the agent for the railroad company testified that on that day Charley Church appeared and receipted for said whisky. It was also in evidence that the defendant, O. J. Houck, was seen together with a drayman at the depot platform loading a barrel labeled whisky from a railroad truck on to a dray; and it appears that this barrel was then taken from the depot by way of an alley to the rear of a restaurant that was owned and operated by Houck. The night watchman, Mr. Black, was watching this transaction and appeared at the rear of Houck's restaurant just about the time that the dray arrived there. Houck by that time was in the rear door of his restaurant and instructed the drayman not to unload the barrel at that place. Black then took the barrel to the city hall in Cleveland, where the same was securely locked in a cell, but never opened to determine its contents. Two days later the barrel disappeared from the cell at the city jail, and the particular charge against this defendant is that he hauled it from the city jail to a point on the Arkansas river, but the only evidence tending to connect the defendant with any such transaction is that he was seen on the premises of the city jail and to go into the cell room thereof about two hours prior to the time it was alleged that the said barrel labeled whisky disappeared. There is also evidence in the record that a drayman by the name of Sallee was seen on that day hauling a barrel away from the vicinity of the city hall, and another man was with him, but the defendant is not identified as being the man with Sallee, nor is it proven specifically that the barrel that Sallee was hauling contained whisky or any other intoxicants, or that it was the barrel labeled whisky taken from the city jail in Cleveland. Nobody testified that a barrel of whisky was hauled by any one from the city jail in Cleveland to a point on the Arkansas river in said city as alleged in the information. Although Sallee's name was endorsed on the information as one of the state's witnesses, and while it is apparent that he must have been in the possession of incriminating facts had this defendant been guilty as charged, he was not called as a witness, nor was his absence in any way explained.

In view of the fact that Sallee was the only person recognized hauling a barrel in the vicinity of the city hall in Cleveland on the day alleged that this offense occurred, the importance of producing him as a witness on behalf of the state may be fully appreciated. Especially is this true because the witness who identified Sallee did not identify the other person who was assisting him in handling the barrel. Had the defendant been charged with the hauling of a barrel of whisky from the M., K. & T. railroad depot in Cleveland to a point in the rear of his restaurant in said city, there might be some foundation in law for

his conviction, but there is no evidence to support the charge of transporting relied upon for a conviction in this case. The fact that the defendant was seen in the city hall where the whisky was stored for safekeeping about two hours before its disappearance, while a suspicious circumstance, is of itself not sufficient to sustain a charge that he took the whisky from said city hall and transported it to the Arkansas river. And yet this is the only incriminating circumstance in any way connecting the defendant with such a transaction. If this court would permit a conviction to stand unsupported by any evidence tending to establish the material allegations of the information, or supported only by circumstantial evidence which amounts merely to a suspicion of guilt, then there would be no protection against the conviction of innocent men in this state. We cannot assume any such responsibility. The judgment is therefore reversed.